DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
ANDREW M. GSCHWIND, State Bar #231700
Deputy City Attorney
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3973

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
GEORGE GASCON (Official Capacity Only) and
STEPHEN BENZINGER


Ché Hashim, Esq.
LAW OFFICES OF CHÉ HASHIM
861 Bryant Street
San Francisco, CA  94103
Telephone:    (415) 487-1700

Attorney for Plaintiff
AMOURA BURTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOURA BURTON,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO POLICE DEPARTMENT (CCSFPD); GEORGE GASCON, individually and in his official capacity as CCSFPD Police Chief; CCSFPD Officer STEPHEN BENZINGER, individually and in his official capacity as CCSFPD Sergeant, and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. CV-10-1348 WHA<br><br>**STIPULATED [REVISED PROPOSED] PROTECTIVE ORDER** |

1  Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

1. CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall include all information concerning peace officer personnel records or official information, and any other information that defendants in good faith have determined to be confidential. In addition, all documents related to any criminal investigation incidental to the event forming the basis of this lawsuit (including, but not limited to, audiotapes, videotapes, photographs, transcripts, etc.) shall be also be deemed CONFIDENTIAL INFORMATION within the meaning of this stipulated protective order. Defendants shall attempt to stamp "Confidential" on all documents containing such information prior to production and/or attempt to designate portions of testimony as "Confidential" during such testimony. However, defendants may also designate documents or portions of testimony as "Confidential" after their production and/or after such testimony is given, provided defendants have a good faith basis for such designation. In the event that any CONFIDENTIAL INFORMATION is inadvertently not stamped or declared as "Confidential" by defendants, the party who notices this oversight shall nonetheless treat such documents as CONFIDENTIAL INFORMATION. Such party shall also immediately make the labeling oversight known to the other parties and the documents, including transcripts, shall immediately be stamped as "Confidential" and treated as such, as per this order.

2. Plaintiff may challenge defendants' designation of a particular document as CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the Court. The parties agree that the prevailing party in a motion to remove the confidential designation shall waive any entitlement to monetary sanctions, including attorney's fees.

3. Unless disclosure is ordered by the Court, attorneys for defendants shall have the sole authority to determine that documents subject to the PROTECTIVE ORDER are no longer considered

1  CONFIDENTIAL INFORMATION and will advise counsel for plaintiff in writing if this
2  determination is made.

3      4.    Any CONFIDENTIAL INFORMATION that is disclosed or produced by any party or
4  non party in connection with this case may be used only for prosecuting, defending, or attempting to
5  settle this litigation. CONFIDENTIAL INFORMATION may be disclosed only to the categories of
6  persons and under the conditions described in this Order. When the litigation has been terminated, all
7  parties or non parties that have received CONFIDENTIAL INFORMATION must comply with the
8  provisions of sections 10 and 11, below.

9      All parties or non parties that have received CONFIDENTIAL INFORMATION must
10  store and maintain it in a secure manner that ensures that access is limited to the persons authorized
11  under this Order.

12      5.    Plaintiff's Counsel may exhibit, discuss, and/or disclose CONFIDENTIAL
13  INFORMATION only to the following categories of person and no other unless authorized by order of
14  the Court:

15      a.    Plaintiff's Counsel and Plaintiff, subject to the requirements of Section 7,
16  below;

17      b.    Experts, investigators or consultants retained by Plaintiff's Counsel to assist in
18  the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant
19  is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree to comply
20  with the terms of this PROTECTIVE ORDER by executing the document attached as Exhibit A.
21  Plaintiff's counsel shall serve that document upon its execution; however, Plaintiff's counsel shall not
22  be required to serve any Agreement to Comply any earlier than the date that Expert Disclosures are
23  required to be made.  Experts, investigators, and consultants shall not have any power to authorize
24  further disclosure of CONFIDENTIAL INFORMATION to any other person.

25      6.    Counsel for Plaintiff may not provide originals or copies of documents containing
26  CONFIDENTIAL INFORMATION to any plaintiff absent the written agreement of counsel for the
27  City or a court order, subject to the following:

28

[REVISED PROPOSED] PROTECTIVE ORDER    3    n:\lit\li2010\110030\00664952.doc
Burton v. CCSF et al, USDC NO.  C10-1348 WHA

1        a.    Counsel for Plaintiff may discuss the general nature of the CONFIDENTIAL INFORMATION with plaintiffs without disclosing any identifying details about a specific incident or any documents.  Plaintiff's counsel may also review with a plaintiff any statement or interview given by that plaintiff.

7.    Unless otherwise stipulated to by defendants, before plaintiff or his counsel files any pleading or other paper with the Court containing CONFIDENTIAL INFORMATION and/or referring to the substance of any CONFIDENTIAL INFORMATION, plaintiff's counsel shall first notify defendants of such proposed filing or submission, and, unless defendants' counsel consents that such pleading or other paper may be filed without being sealed, plaintiff's counsel shall follow the procedures set forth in Northern District of California Civil Local Rule 79-5(b), (c), or (d) to request that all or portions of such pleading or other paper be filed under seal.

8.    In the event any person desires to exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this stipulation during trial or pretrial proceedings, such person shall meet and confer with counsel for defendants to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure, and if defendants do not agree to such disclosure, such CONFIDENTIAL INFORMATION shall not be disclosed unless authorized by order of the Court.  Unless otherwise agreed, transcripts and exhibits that incorporate or reference CONFIDENTIAL INFORMATION covered under this stipulation shall be treated as CONFIDENTIAL INFORMATION that is subject to the provisions of this PROTECTIVE ORDER. The Court Reporter shall mark as "Confidential" any deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or any reference to CONFIDENTIAL INFORMATION.

9.    If a party who has received CONFIDENTIAL INFORMATION learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this PROTECTIVE ORDER, the party must immediately (a) notify the San Francisco City Attorney's Office in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL INFORMATION, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the document that is attached hereto as Exhibit A.

10. Any inadvertent disclosure made in violation of this PROTECTIVE ORDER does not constitute a waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the parties, or further order of this Court.

11. All documents covered by this PROTECTIVE ORDER and copies thereof (including those in the possession of experts, consultants, etc.) will be returned to the San Francisco City Attorney's Office at the termination of this litigation.  On final disposition of this case, plaintiff's counsel shall within 30 days after the final disposition of this case, without request or further order of this Court, return all CONFIDENTIAL INFORMATION to the Deputy City Attorney of record in this matter.  The provisions of this PROTECTIVE ORDER shall, without further order of the Court, continue to be binding after the conclusion of the action.

12. Should plaintiff's counsel or plaintiff fail to comply with this PROTECTIVE ORDER, plaintiff's counsel and plaintiff shall be liable for all costs associated with enforcing this agreement, including but not limited to all attorney fees in amounts to be determined by the Court.  Plaintiff and plaintiff's counsel may also be subject to additional sanctions or remedial measures, such as contempt, evidentiary or terminating sanctions.

IT IS SO STIPULATED.


Dated:  December 2, 2010

          DENNIS J. HERRERA
          City Attorney
          JOANNE HOEPER
          Chief Trial Deputy
          ANDREW M. GSCHWIND
          Deputy City Attorney

          By:_____/s/_____
          ANDREW M. GSCHWIND
          Attorneys for Defendants

| | |
|---|---|
| 1 | Dated: December 2, 2010 |
| | LAW OFFICE OF CHÉ L. HASHIM |
| 2 | |
| 3 | By:             /s/              |
| 4 | CHÉ HASHIM |
| | Attorneys for Plaintiff |
| 5 | *Pursuant to GO 45, the electronic signatory has obtained approval from this signatory.* |

### ORDER

Based on the foregoing stipulation and good cause appearing, IT IS SO ORDERED.

Dated: December 3, 2010.

_____
HON. WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

# AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION

I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL INFORMATION. I agree to abide by all terms of the Order. In addition, I specifically understand and agree to the following:

1. I will not disclose the CONFIDENTIAL INFORMATION to any other person.

2. I understand that I have no power to authorize any other person to review the CONFIDENTIAL INFORMATION.

3. I agree not to make copies of the CONFIDENTIAL INFORMATION.

4. agree to return the CONFIDENTIAL INFORMATION to the counsel for the party that produced it, at or before the conclusion of this litigation.

5. I understand that if I violate any of the terms of the Protective Order, then Plaintiffs, Plaintiffs' Counsel, and I may be subject to sanctions or possible contempt.

AGREED:

_____
DATE

_____
SIGNATURE

_____
PRINT NAME